James A Wrigley - OSB#90413
Kathleen L. Wilde - OSB#97105
OREGON ADVOCACY CENTER
620 SW Fifth Avenue - 5th floor
Portland, OR 97204
(503) 243-2081
(503) 243-1738 (FAX)
jwrigley@oradvocacy.org
kwilde@oradvocacy.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON ADVOCACY CENTER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| vs. | ) COMPLAINT FOR DECLARATORY |
| | ) AND INJUNCTIVE RELIEF |
| SCAR/JASPER MOUNTAIN and | ) (Civil Rights, PAIMI Act - 42 USC 10801 et seq) |
| DAVID ZIEGLER, Ph.D., in his official | ) |
| capacity as Director of SCAR/JASPER | ) |
| MOUNTAIN, | ) |
| | ) |
| Defendants. | ) |

INTRODUCTION

1. In this action, the Oregon Advocacy Center (OAC), the protection and advocacy system for the State of Oregon, seeks declaratory and injunctive relief to prevent Defendant SCAR/Jasper Mountain, which operates SCAR/Jasper Mountain Center (Jasper Mountain), a children's mental health residential treatment center, from improperly denying OAC reasonable unaccompanied access to its facilities, programs and residents, as required by federal law. OAC seeks this access in order to perform its federally-mandated role of monitoring compliance with

Page 1 - COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

respect to the rights and safety of residents, providing information and training, and viewing those parts of the facility used by residents.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§1341 and 1343(a)(3) and (4) to enforce 42 U.S.C. §10805. Jurisdiction over Plaintiff's request for declaratory relief pursuant to 28 U.S.C. §§2201 and 2202. Plaintiffs invoke the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to consider its state law claims.

## PARTIES

3. Plaintiff Oregon Advocacy Center (OAC) is an independent, non-profit agency, created by federal law and designated by the Governor as the federal protection and advocacy (P&A) system for Oregon, pursuant to 42 U.S.C. §§ 15041 et seq., 42 U.S.C. §§10801 et seq., 29 U.S.C. §794e, and ORS §192.515 et seq.

4. As established by the above statutes, OAC's mandate is to protect and advocate for the rights of individuals with disabilities. As part of its mandate, OAC is authorized to investigate incidents of abuse, neglect and civil rights violations of persons with mental illness, including children with mental illness in residential treatment centers, under the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI Act), 42 U.S.C. §§10801 et seq. It is also authorized to have reasonable access to facilities, including children's residential mental health treatment centers, in order to monitor a facility's compliance with respect to the rights and safety of residents, and for other purposes. 42 U.S.C. §10805(3); 42 C.F.R. §51.42( c).

5. OAC expends considerable time and resources advocating for individuals whose rights have been violated in mental health residential settings, including children's residential mental

Page 2 - COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

health treatment centers, and is expanding its efforts to systematically monitor children's residential mental health treatment centers.

6. Defendants' refusal to give OAC access to its facility in order to monitor its compliance with respect to the rights and safety of residents, to provide information and training, and to view those parts of the facility used by residents has frustrated and is continuing to frustrate OAC's core mission: protection and advocacy for the rights of individuals with disabilities. As a result it has suffered and is continuing to suffer ongoing, irreparable harm.

7. Plaintiff OAC has expended time, effort and resources in seeking to secure Defendants' agreement to provide the access mandated by federal and state law.

8. Defendant SCAR/Jasper Mountain Center (Jasper Mountain) is a non-profit corporation that operates Jasper Mountain, a duly licensed residential treatment facility for children with mental illness.

9. Jasper Mountain is a covered "facility" as defined under the PAIMI Act, 42 U.S.C. §10802(e) and 42 CF.R. §51.2. and under state law. ORS §192.515(1).

10. Defendant David Ziegler, Ph.D. is the executive director of SCAR/Jasper Mountain, and as such is ultimately responsible for the operation of Jasper Mountain.

## FACTUAL ALLEGATIONS

11. As a protection and advocacy system, OAC has broad federal and state statutory and regulatory powers, including access rights to facilities (including children's residential facilities) and to residents of those facilities. 42 U.S.C. §10805(a)(3); 42 C.F.R. §§ 51.41 and 42; ORS 192.517.

12. 42 U.S.C. §10805(a)(3) specifically grants a P&A the authority to "have access to

facilities in the state providing care and treatment."

13. This broad right of access includes, among other things, the right to have reasonable unaccompanied access to facilities or programs and their residents in order to monitor compliance with the rights and safety of residents, to provide information and training to residents, and to view and photograph all areas of the facility used by residents or accessible to them. 42 C.F.R. §51.42( c).

14. Congress enacted the PAIMI Act following Congressional investigations documenting abuse and neglect of persons with mental illness in facilities around the country. Congress expressly found that "individuals with mental illness are vulnerable to abuse and serious injury" and that "state systems for monitoring compliance with respect to the rights of individuals with mental illness vary widely and are frequently inadequate." 42 U.S.C. §§10801(a)(1) and (4). As a P&A system, one of OAC's central missions under the PAIMI Act is "to insure that the rights of individuals with mental illness are protected." 42 U.S.C. §10801(b)(1).

15. In order to perform this task with regard to children's mental health residential centers, including Jasper Mountain, it is necessary for OAC to monitor them as provided for in the PAIMI Act and accompanying regulations.

16. OAC has engaged in monitoring other children's mental health residential facilities in the state similar to Jasper Mountain.

17. On August 23, 2006, OAC attorney James Wrigley sent a letter to Dr. Ziegler and Alan J. Thayer, Jr., counsel for Jasper Mountain, regarding various concerns and stating that OAC intended to visit Jasper Mountain for monitoring purposes in the near future. The letter

Page 4 - COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

cited the governing regulations and noted that OAC had previously e-mailed to Jasper Mountain a pamphlet regarding its access rights and protection and advocacy powers. In a letter dated August 25, 2006, Mr. Thayer stated he had found no statutory authorization in the PAIMI Act for 42 C.F.R. §51.42( c) regarding monitoring. He also suggested that the matter might have to be resolved in federal court.

18. In a letter to Mr. Thayer dated September 11, 2006 (attached hereto as Exhibit A), Mr. Wrigley stated that OAC intended to visit Jasper Mountain on September 14, 2006 for monitoring purposes. To address the concern raised in the August 25, 2006 letter, Mr. Wrigley provided relevant authority. Finally, the letter asked that if Jasper Mountain persisted in denying or delaying access, it provide Mr. Wrigley the prompt written statement of reasons for denial or delay, as required by 42 C.F.R. §51.43. In a letter dated September 13, 2006 (attached hereto as Exhibit B), Mr. Thayer denied access, responding that:

> the regulations...require only 'reasonable unaccompanied access.' Until the outstanding issues are resolved, SCAR/Jasper Mountain believes that your request for access is not reasonable. As previously mentioned SCAR/Jasper Mountain is very comfortable having the differences under Federal statutes and regulations resolved by a Federal judge... The issue is what is in the best interests and best medical needs of severely abused and emotionally disturbed children and their medical needs.

19. OAC has complied with all prerequisites to obtaining access to the facility, and Defendants have refused to allow OAC to monitor the facility.

20. Plaintiff has no complete and adequate remedy at law and will continue to suffer irreparable injury absent action by this Court.

### COUNT ONE - Violation of the PAIMI Act and Regulations

21. Plaintiff realleges each and every paragraph set forth above.

22. Defendants have violated OAC's right to have access to facilities in the state providing care and treatment of people with mental illness by denying it access to Jasper Mountain for monitoring purposes, in violation of 42 U.S.C. §10805(a)(3).

23. Defendants have violated OAC's right to reasonable, unaccompanied access to Jasper Mountain facility and its residents for the purpose of:

(a) providing information, training and referral about individual rights and the protection and advocacy services available from OAC;

(b) monitoring compliance with respect to the rights and safety of residents; and

(c) viewing and photographing all areas of the facility which are used by residents or accessible to residents.

24. Such access is required by 42 U.S.C. §10805(a)(3) and 42 C.F.R. §51.42(c)(1), (2) and (3).

## COUNT TWO - PENDANT STATE CLAIM

25. Plaintiff realleges each and every paragraph set forth above.

26. Defendants have violated OAC's right to have access to facilities in the state providing care or treatment by denying it access to Jasper Mountain for monitoring purposes, in violation of ORS §192.517(4).

## RELIEF

WHEREFORE, Plaintiff prays that this Court:

(1) enter a preliminary and permanent injunction, enjoining Defendants from preventing OAC from having reasonable unaccompanied access to monitor Jasper Mountain's facilities and residents, as required by federal and state law and regulations;

Page 6 - COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(2) declare that Defendants' actions violate the PAIMI Act and its accompanying regulations;

(3) award Plaintiff all such other and further relief as this Honorable Court deems just and proper.

This 18th day of September, 2006.

Respectfully submitted,

/s/ James A. Wrigley
James A. Wrigley - OSB#90413
Kathleen L. Wilde - OSB#97105
(503) 243-2081
ATTORNEYS FOR PLAINTIFF



**OREGON ADVOCACY CENTER**
Working for the Rights of Individuals with Disabilities

September 11, 2006

Alan J. Thayer, Jr.
Perrin and Thayer
975 Oak St., Suite 785
PO Box 1268
Eugene, OR 97440
By Fax

Dear Mr. Thayer:

To follow up on my letter of September 8, 2006 this is to inform you that the Oregon Advocacy Center intends to visit Jasper Mountain on Thursday, September 14, 2006 for monitoring purposes, including, as we deem necessary, monitoring compliance with respect to the rights and safety of residents; providing information and training; and viewing those parts of the facility used by residents or accessible to residents. Both the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI Act) and its accompanying regulations require that facilities grant protection and advocacy systems access for monitoring purposes. See 42 U.S.C. Sec. 10805(a)(3); 42 C.F.R. Sec. 51.42(c).

Regarding your concern about whether the PAIMI Act provides for such access, 42 U.S.C. Sec. 10805(a)(3) specifically provides that a protection and advocacy system "shall have access to facilities in the State providing care and treatment." You may find it of interest that even before the PAIMI Act regulations were promulgated, the court in Robbins v. Budke, 739 F. Supp. 1479, 1487, 1488 (D.N.M. 1990) relied upon this provision to grant a P&A wide monitoring authority regarding a psychiatric hospital, including access to the facility, patients, and staff.

If Jasper Mountain persists in denying or delaying access, I request that you provide me before 4:00 p.m. on Wednesday, September 13 at the latest the prompt written statement of reasons for such denial or delay, as required by 42 C.F.R. Sec. 51.43.

Please be advised that we will promptly seek judicial enforcement of our right to access Jasper Mountain for monitoring purposes, should Jasper Mountain continue to deny or delay this access.

Sincerely,

James A. Wrigley
Staff Attorney

cc: Kathleen Wilde, Litigation Director, OAC

EXHIBIT A to COMPLAINT

Voice: 503-243-2081 • 1-800-452-1694 • TTY: 1-800-556-5351 • Fax: 503-243-1738
620 S.W. Fifth Avenue • Suite 500 • Portland, Oregon 97204-1428

# Perrin & Thayer LLP
BUSINESS ATTORNEYS

Citizens Building
975 Oak Street
Suite 785
P.O. Box 1268
Eugene, OR 97440

541-345-2325
541-345-2456 fax

athayer@ptlaw.com

September 13, 2006

*Via Fax: 503-243-1738*

Jim Wrigley
Oregon Advocacy Center
620 SW 5th Avenue, Suite 500
Portland, OR 97204-1428

Re:   SCAR/Jasper Mountain

Dear Jim,

Your September 11, 2006 letter reached me late yesterday afternoon. I have been out of the office ill. Dave Ziegler has also been out of his office. He and I were just able to speak about your request to visit SCAR/Jasper Mountain tomorrow.

As you know, you and SCAR/Jasper Mountain have very different interpretations of what is permitted and required by statutes and regulations, including 42 U.S.C.§10805(a)(3) and 42 CFR §51.42(c).

As you know, the regulations cited above require only "reasonable unaccompanied access." Until the outstanding issues are resolved, SCAR/Jasper Mountain believes that your request for access is not reasonable.

As previously mentioned, SCAR/Jasper Mountain is very comfortable having the differences under Federal statutes and regulations resolved by a Federal Judge. The issue isn't turf or pride. The issue is what is in the best interests and best medical interests of severely abused and emotionally disturbed children and their medical needs.

Sincerely yours,

/s/ Alan J. Thayer, Jr.

Alan J. Thayer, Jr.

AJT:rg

EXHIBIT B to COMPLAINT