FILED '06 DEC 13 16:22 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Oregon Advocacy Center, )
                                 )
        Plaintiff, )  Civil No.  06-6229-TC
                                 )
   v. )
                                 )
SCAR/Jasper Mountain and )  ORDER
David Ziegler, Ph.D., in his )
official capacity as Director )
of SCAR/Jasper Mountain, )
                                 )
        Defendants. )

COFFIN, Magistrate Judge.

    Pursuant to the parties' stipulation, defendants SCAR/Jasper Mountain and David Ziegler, Ph.D., in his official capacity as Director of SCAR/Jasper Mountain, are permanently enjoined from denying Oregon Advocacy Center (OAC) reasonable access to the facility, staff, and patients/residents at the facility.

1 - ORDER

The Court imposes the following access conditions and retains continuing jurisdiction over this matter.

## Access Conditions

1. OAC agrees to arrange monitoring visits to SCAR/Jasper Mountain with at least 24 hours advance notice. OAC may make an unannounced monitoring visit if written approval is received in advance from the Court.

2. If Jasper Mountain contends that a proposed monitoring visit is unreasonable for any reason, it may petition the Court for relief. SCAR/Jasper Mountain shall bear the burden of showing why the visit is unreasonable on the basis that it is excessive, duplicative, disruptive, or unnecessary.

3. During monitoring visits, the SCAR/Jasper Mountain staff will introduce the OAC monitor and explain why the OAC monitor is visiting. The OAC monitor may add comments that he or she wishes to make when speaking with the children as a group.

4. SCAR/Jasper Mountain will notify the parent or guardian upon the child's admission to the facility that OAC will be monitoring and may in the course of such monitoring have access to the child. This notice shall include OAC's phone number and address so that the parent or guardian may contact OAC directly if they have questions or concerns about monitoring. If a child asks to meet with the OAC monitor, the OAC monitor will ask the child if the child would like to meet with the monitor alone or with another

2 - ORDER

individual of the child's choosing, including SCAR/Jasper Mountain staff. The child may end an interview at any time. If a parent or guardian objects to a specific monitoring activity, and if, after communication with OAC the objection has not been resolved, either the parent or guardian or a party can bring the objection to the attention of the Court for resolution.

5. The treating psychiatrist may provide to OAC a current written statement that a monitoring interview will be psychiatrically detrimental to the child. If OAC receives such a statement, OAC shall not interview the child on that visit. OAC and SCAR/Jasper Mountain will attempt to work out conditions under which the child could be interviewed that would negate the harm or the risk of harm as expressed by the treating psychiatrist. If no conditions can be agreed upon, OAC may interview the child if permitted by a court order.

6. If the parties are unable to resolve any dispute regarding OAC's access to a particular child, the matter will be placed by the Court on an accelerated schedule similar to that used for a preliminary injunction.

7. Prior to monitoring SCAR/Jasper Mountain, an OAC staff person shall offer to receive a reasonable orientation and training from SCAR/Jasper Mountain staff regarding the SCAR/Jasper Mountain program, appropriate ways to speak with the children in the program, and any other matters that SCAR/Jasper Mountain believes

3 - ORDER

that it is important for the OAC staff person to understand in order to best perform his or her function as monitor. If SCAR/Jasper Mountain has a concern about the conduct of any OAC monitor, it may promptly contact the OAC executive director, who will promptly investigate the situation and take appropriate action to resolve it.

8. OAC's activities shall be conducted so as to minimize interference with facility programs, respect patients' privacy interests, and honor a resident's request to terminate an interview.

9. The parties commit to mutual cooperation in fulfilling their respective responsibilities and agree to act in the best interest of the residents. The parties will attempt in this spirit to resolve all disputes that arise. If no resolution can be reached, the Court shall resolve the matter.

DATED this __13__ day of December, 2006.

_____
THOMAS M. COFFIN
United States Magistrate Judge

4 - ORDER